**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Richard Anthony Marin (#20250211065), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25 C 6465 |
| v. | ) | |
| | ) | Hon. Robert W. Gettleman |
| The Federal Bureau of Investigation, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $30.00 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee and to continue making monthly deductions in accordance with this order. The Court dismisses Plaintiff's complaint [1] because it is factually frivolous. This disposition counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). The Court directs the Clerk of Court to send a copy of this order (electronically if possible) to the trust fund officer at Plaintiff's current place of incarceration and to this court's fiscal department, and mail to Plaintiff a copy of this order. Final judgment shall enter. This case is closed.

## STATEMENT

Plaintiff Richard Anthony Marin, an inmate at the Cook County Jail, initiated this *pro se* civil rights lawsuit invoking *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Before the Court are Plaintiff's application for leave to proceed *in forma pauperis* and complaint for initial review.

Plaintiff has demonstrated that he cannot prepay the filing fee. His application for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $30.00 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the trust fund officer to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and should clearly identify Plaintiff's name and the case number assigned to this case.

Under 28 U.S.C. § 1915A, the court must screen a *pro se* prisoner's complaint to ensure that it states a valid claim against a defendant who is not immune from liability. *See Jones v. Bock*,

549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Under federal notice pleading standards, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must construe a *pro se* plaintiff's allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and must "accept all well-pleaded facts as true and draw reasonable inferences in the plaintiffs' favor," *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016). The court need not, however, "accept fantastic or delusional factual allegations." *Holland v. City of Gary*, 503 F. App'x 476, 477 (7th Cir. 2013) (citations omitted).

Here Plaintiff's "statement of claim" consists of a series of fanciful (and often delusional) assertions. Plaintiff alleges the following. In 2019 Plaintiff tipped off Senator Bernie Sanders to the impending coronavirus pandemic, and Senator Sanders relayed Plaintiff's tip to the FBI. Plaintiff has also warned the FBI about a group of American business owners that originated in Nazi Germany and presently operate in secret in America. Plaintiff has information that this group tampered with the 2020 presidential election and coerced the individual that attempted to assassinate President Trump this past summer at one of his political rallies. But Plaintiff says that his calls and emails to the FBI were ignored. Plaintiff has now learned that the FBI maintains falsified information about himself in their files, wrongly listing prior felonies and stating that he is deportable. Plaintiff asserts that he is a whistleblower and his rights as such have been violated. He alleges that the FBI has made false reports about Plaintiff to local police in Pennsylvania and Illinois. Plaintiff came to Chicago in 2023 to make a documentary film about the criminal conspiracy he had uncovered. Plaintiff has sought witness protection from "the traffickers and their backers, 'The Reich'". Plaintiff concludes that he has been facing years of retaliation and threats. Plaintiff names the FBI as the sole Defendant.

The complaint is dismissed with prejudice. Its bizarre allegations are plainly frivolous. *See Edwards v. Snyder,* 478 F.3d 827, 829 (7th Cir. 2007) ("A claim is factually frivolous if its allegations are bizarre, irrational, or incredible."); *Oliver v. Moreland*, 2019 WL 4261618, at *3 (S.D. Ill. Sept. 9, 2019) (prisoner's "fantastical allegations about a conspiracy of Biblical proportions" were factually frivolous). The court need not to accept as true factual allegations, like Plaintiff's, that "rise to the level of the irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see Walton v. Walker*, 364 Fed. App'x 256, 257–58 (7th Cir. 2010) (affirming dismissal of complaint where the allegations "defied reality" and amounted to a "paranoid fantasy").

Plaintiff's complaint is therefore dismissed as frivolous. Amendment would be futile, so the dismissal is with prejudice. The dismissal of this case counts as a dismissal under 28 U.S.C. § 1915(g). Final judgment will be entered.

**ENTER:**

Robert W. Gettleman

**Robert W. Gettleman**
**United States District Judge**

**DATE: June 20, 2025**

2